UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LESLIE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:20-cv-168 |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   NATURE OF THE CASE

1. Plaintiff, Leslie Miller ("Miller" or "Plaintiff"), by counsel, brings this action against the Defendant, Wal-Mart Associates, Inc. ("Defendant"), alleging violations of The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq*.

### II.  PARTIES

2. Miller is a resident of Jefferson County in the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains stores and/or offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS 344.030(2).

6. Miller was an "employee" as that term is defined by 42 U.S.C. §2000e(f); and KRS 344.030(5).

7. Defendant is subject to the FLSA because its employees are domestic workers, Defendant engaged in interstate commerce and/or Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### III. FACTUAL ALLEGATIONS

9. Defendant is a multinational retail corporation that owns discount department stores, hypermarkets, and grocery stores, among others.

10. Many of the Defendant's retail locations contain a Pharmacy within the store.

11. Miller is a licensed Pharmacist.

12. Miller began working for Defendant on or about May 2010 as a staff

pharmacist.

13. In or around 2013/2014, Miller transferred to the Defendant's Madison, Indiana location and continued in his position as a staff pharmacist.

14. In or around August 2016, while still employed at the Defendant's Madison, Indiana location, Miller was promoted to a Pharmacy Manager.

15. Miller remained at the Madison location until January of 2019 when he transferred to the Defendant's Scottsburg, Indiana location, where he continued in his position as a Pharmacy Manager until his separation from the Defendant on or about October 29,2019.

16. Miller consistently received positive performance reviews throughout his employment.

17. While employed at the Defendant's Scottsburg, Indiana location, Miller was paid on a salary basis.

18. Miller was paid biweekly.

19. Miller's salary was based on 80 work hours within that biweekly period.

20. In addition to his base salary, the Plaintiff was promised an additional $2.00 to $3.00 per hour as premium pay for any hours worked in excess of 80 in a given biweekly period.

21. Throughout his employment with the Defendant, Miller was misclassified as an "exempt" employee by the Defendant.

22. Miller disputes this classification, and contends that given the facts surrounding his employment with the defendant, i.e. the duties he performed within

his employment; the extent of the discretion he was allowed within his role as Pharmacy Manager; and the Defendant's policy on the required hours worked per week, that he was actually a "non-exempt" employee.

23. Under the Defendant's policy, if there were not enough hours available to reach the 80 hour threshold at the pharmacy where an individual regularly worked, the individual would either have to pick up shifts at a different store, use vacation time to reach 80 hours, or be forced to reduce their base hours of compensation.

24. Under the Defendant's policy, if Miller had biweekly periods when he worked less than 80 hours, his pay would have been reduced to reflect those unworked hours if he did not have/use his accrued vacation time.

25. Miller's duties within his employment included mostly non-managerial tasks, such as staff pharmacist and/or pharmacy technician functions including entry and verification of prescriptions; filling and verifying drugs prior to dispensing; answering phones; resolving insurance issues; answering customer questions; giving immunizations; handling claims in the RX companion computer program; ordering drugs; among others.

26. A very small portion of Miller's time (10-15%) was spent on tasks such as writing technician schedules; weekly conference calls; completing monthly compliance audits; completing monthly immunization audits; and teaching and training of pharmacists and technicians as required.

27. While Miller had input on technician hiring, he could not make the final hiring decisions on his own without approval from the market director.

28. Miller did not have final say over who was fired.

29. Because Miller contends that he was misclassified as an "exempt" employee when he should have been classified as a "non-exempt" employee, he should have been paid overtime wages for any hours worked in excess of 80 in each biweekly period.

30. During his employment with the Defendant, Miller was never paid overtime wages for those excess hours.

31. During his employment at the Scottsburg location, Miller never received the premium pay that he was promised for the hours worked in excess of 80 for each biweekly period.

### IV.  CAUSES OF ACTION

### COUNT I: FLSA – FAILURE TO PAY OVERTIME COMPENSATION TO A MISCLASSIFIED "EXEMPT" EMPLOYEE

32. Miller hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Miller was an exempt employee of Defendant who is engaged in commerce and/or in an enterprise engaged in commerce.

34. Miller classification as an exempt employee was misclassified and incorrect.

35. In misclassifying Miller as an exempt employee, Defendant intentionally and willfully failed to compensate Miller, as required for non-exempt employees, of at least one and one-half times of his regular hourly pay rate for time he spent performing

work-related duties in excess of a workweek of forty hours.

36. Miller is entitled to recover from Defendant all compensation which he earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

37. Defendant's actions in denying Miller his earned compensation were intentional, willful, and/or done with reckless disregard for Miller's statutory rights.

### COUNT II: FLSA – FAILURE TO PAY "PREMIUM PAY" COMPENSATION

38. Miller hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint as if the same were set forth at length herein.

39. Miller was an exempt employee of Defendant who is engaged in commerce and/or in an enterprise engaged in commerce.

40. The Defendant classified Miller as an exempt employee and did not pay to him overtime wages of at least one and one-half times of his regular hourly pay rate for time he spent performing work-related duties in excess of a workweek of forty hours.

41. As a result, the Defendant promised to pay Miller "premium pay" compensation of $2.00 to $3.00 per hour for any hours worked in excess of 80 during any given biweekly period.

42. Miller is entitled to recover from Defendant all compensation which he earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

43. Defendant's actions in denying Miller his earned compensation were

intentional, willful, and/or done with reckless disregard for Miller's statutory rights.

## COUNT III: UNJUST ENRICHMENT

44. Miller hereby incorporates paragraphs one (1) through forty-three (43) of his Complaint as if the same were set forth at length herein.

45. The Defendant has failed and/or refused to pay overtime and/or "premium pay" wages due to Miller for his labor and services rendered during his tenure as an employee of the Defendant.

46. The Defendant has been unjustly enriched by keeping funds which are the property of the Plaintiff.

47. Miller has suffered damages as a result of the Defendant's actions.

## COUNT IIII: BREACH OF CONTRACT

48. Miller hereby incorporates by reference paragraphs one (1) through forty-seven (47) of his Complaint as if the same were set forth at length herein.

49. Pursuant to the terms of the employment contract, Defendant was to pay "premium pay" compensation of $2.00 to $3.00 to Miller for any hours worked in excess of 80 during any given biweekly period.

50. Defendant breached the employment contract with Miller by refusing to pay the "premium pay" compensation promised for any hours worked in excess of 80 during any given biweekly period.

51. Defendant's actions were intentional, malicious, and done with reckless

disregard for Miller's rights within the contract.

52. Miller has suffered damages as a result of Defendant's actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Leslie Miller, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Liquidated damages for Defendant's violations of the FLSA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:   /s/ Jennifer C. Smith
Jennifer C. Smith
101 N. Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3443
Facsimile:   (812) 424-1005
Email: jcornellsmith@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Leslie Miller, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Jennifer C. Smith
Jennifer C. Smith
101 N. Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (812) 424-1005
Email: jcornellsmith@bdlegal.com
